NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0489n.06

No. 24-3295

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 04, 2024

KELLY L. STEPHENS, Clerk

MOHAMMED ALI HUSSAIN; RABIYA
KHANOM WAHIDA; T.J.H.,

    Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

OPINION

Before: KETHLEDGE, THAPAR, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. Mohammed Ali Hussain, Rabiya Khanom Wahida, and Tasnim Jannat Hussain petition for review of the Board of Immigration Appeals' order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture, as well as their motion to remand for consideration of new evidence. We deny the petition.

I.

Hussain, his wife Wahida, and their minor daughter are natives and citizens of Bangladesh. In September 2022, they entered the United States illegally by walking across the border from Mexico into Arizona without inspection. The government began removal proceedings against them that same month, by filing Notices to Appear before an immigration judge. The government charged them with removability under the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i).

Hussain and his family conceded removability, but filed applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Hussain wrote in his asylum application and testified in a later hearing that he feared persecution and torture in Bangladesh because of his membership in the Liberal Democratic Party (LDP). He alleged that members of the Awami League—an opposing political party—had threatened, beaten, and kidnapped him for ransom because of his involvement with the LDP. He also asserted that the Awami League would torture and kill him, his wife, and his child if they returned to Bangladesh.

The IJ found Hussain's testimony not credible and denied his applications for asylum, withholding of removal, and CAT protection. The Board in turn found that the IJ's adverse-credibility determination was not clearly erroneous. The Board therefore denied Hussain's motion to remand for consideration of new evidence, and dismissed Hussain's appeal. This petition for review followed.

II.

When, as here, the Board issues its own opinion rather than simply affirming the IJ's decision, we review the Board's decision directly as the final agency determination. *Saleh v. Garland*, 100 F.4th 742, 746 (6th Cir. 2024). We review legal questions de novo and factual findings for substantial evidence—meaning we uphold the Board's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

A credibility determination is a finding of fact, and an IJ may consider the "totality of the circumstances" in its assessment, including "any inaccuracies or falsehoods" in an applicant's statements, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Even "ancillary inconsistencies" in a

petitioner's testimony can support an adverse-credibility finding. *Slyusar v. Holder*, 740 F.3d 1068, 1073 (6th Cir. 2014). An adverse-credibility finding is "fatal" to claims for asylum, withholding of removal, and CAT protection because an applicant who is found not credible cannot meet the requisite burdens of proof. *El-Moussa v. Holder*, 569 F.3d 250, 256–57 (6th Cir. 2009). But the IJ must articulate "specific reasons" for finding an asylum applicant's testimony not credible. *Abdulahad v. Holder*, 581 F.3d 290, 294 (6th Cir. 2009).

Here, the Board determined that three of the IJ's reasons were enough to support an adverse-credibility finding. First, the IJ found that the two documents Hussain had submitted to prove his membership in the LDP contained "indicia of fraud" because the documents were missing Hussain's signature and misstated his age. For example, the documents listed Hussain's age as 37, but his birth certificate shows that he was born on December 6, 1985—which would have made him 33 years old when he said he joined the LDP. Based on this record, the IJ concluded that the documents were likely fraudulent. The petitioners present no evidence that would compel a contrary conclusion.

Second, the IJ pointed to an inconsistency in Hussain's testimony about the timeline of the Awami League's alleged threats. Hussain initially testified that the Awami League threatened him verbally for the first time in March 2020—after he became LDP secretary. Later in the hearing, the government asked him why his asylum application had said the Awami League started to threaten him when he joined the LDP in 2019. Hussain then changed his testimony to say that the Awami League had threatened him when he became a member of the LDP, in March 2019, and again when he became secretary a year later. Hussain now asserts that he confused the timing of the first verbal threats in 2019 with that of the first physical attacks in 2020. But this speculation about the reason for the inconsistency is not enough to reverse the IJ's adverse-credibility finding.

Third, the IJ found that Hussain's testimony about the closure of his business was inconsistent with what he wrote in his asylum application. The application lists his occupation as "store owner" from 2015 to 2020. During the hearing before the IJ, however, Hussain testified that he had closed his business in 2018. Hussain has not given us any reason to disregard that discrepancy either.

We therefore agree with the Board that the IJ's adverse-credibility finding was supported by substantial evidence. And that finding was sufficient to uphold the Board's denial of relief.

The petition for review is denied.